# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ROBERT VAN HORN,**

    **Petitioner,**

**v.**                                                       **Civil Action No. 1:09cv150**
                                                            **(Judge Keeley)**

**JAMES CROSS, Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. Procedural History

The *pro se* petitioner initiated this § 2241 habeas corpus action on November 4, 2009. In the petition, the petitioner asserts that the Bureau of Prisons ("BOP") has failed to properly compute his sentence. After receipt of the required filing fee, the Court directed the respondent to show cause why the petition should not be granted. The respondent filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment on January 22, 2010, requesting dismissal of this case for the failure to exhaust administrative remedies. Because the petitioner is proceeding without counsel, the Court issued a Roseboro Notice on January 25, 2010. The petitioner filed his response on February 9, 2010. This matter is before the undersigned for a Report and Recommendation pursuant to LR PL P 83.09, et. seq.

### II. Petitioner's Conviction and Sentence

According to the petition, on November 10, 1979, the petitioner was arrested by the Michigan State Police and charged with assault with intent to commit armed robbery. After a jury trial and guilty verdict, on May 19, 1980, the petitioner was sentenced to state prison for a minimum

term of three years and a maximum term of 10 years. The State of Michigan credited the petitioner with time served from the date of his arrest.

The petitioner was paroled from his state sentence on September 9, 1983. However, his parole was revoked on December 19, 1983, for the failure to notify his parole officer of a change of address.

On December 19, 1983, the petitioner was charged by federal authorities with mailing an injurious article pursuant to 18 U.S.C. § 1716(A). The petitioner was arrested on that charge on January 5, 1984.

On January 21, 1984, the petitioner was taken into federal custody by the United States Marshal Service pursuant to a writ. On February 21, 1985, after three jury trials, the petitioner was subsequently convicted on the federal charge and sentenced to a 10-year term of imprisonment. On February 25, 1985, the petitioner was returned to state custody to finish his 1979 sentence.

On December 5, 1985, the petitioner was charged by Michigan State Police of felonious assault, possession of a weapon by a convict and habitual offender-second. On July 31, 1986, a jury found the petitioner guilty of those charges. He was later sentenced to a maximum of 7.5 years imprisonment, to run consecutive to his 1979 conviction and concurrent to his federal sentence.

On August 26, 1987, the petitioner was charged by the Michigan State Police of assault on a prison employee and habitual offender-third. After a jury trial, the petitioner was convicted on those charges and later sentenced to a maximum sentence of eight years imprisonment, to run consecutive to his 1985 state sentence and concurrent to his federal sentence.

The petitioner's 1979 state sentence ended on November 10, 1989.

On August 29, 2004, the petitioner was charged by the Michigan State Police with assault

on a prison employee. He was arrested on May 9, 2005, and pleaded guilty to the charge. On August 24, 2005, the petitioner received a maximum sentence of four years, with credit for time served since May 9, 2005.

On May 9, 2009, the petitioner was released from the custody of the Michigan Department of Corrections. He was taken to federal custody for service of his 1983 federal conviction.

On July 29, 2009, the petitioner allegedly filed an administrative remedy with staff at USP-Hazelton, but never received a response.

The petitioner asserts that the BOP has improperly determined that his federal sentence commenced on May 9, 2009. The petitioner asserts that his sentence should have commenced on November 10, 1989, the date his 1979 conviction ended.

### III. Analysis

To the extent that exhaustion has been applied to habeas corpus proceedings, such a requirement is not mandated by statute. Instead, exhaustion prerequisites in habeas corpus actions arising under § 2241 are merely judicially imposed. See, e.g., Martinez v. Roberts, 804 F.2d 570 (9th Cir. 1996) (federal inmates are required to exhaust their administrative remedies prior to filing a 2241 petition); Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3rd Cir. 1996) (same); McCallister v. Haynes, 2004 WL 3189469 (N.D.W.Va. 2004) (same). Because the exhaustion requirement is only judicially imposed, it follows that a habeas Court has the discretion to waive that requirement in certain circumstances. See LaRue v. Adams, 2006 WL 1674487 *8 (S.D.W.Va. June 12, 2006) (citing Smith v. Angelone, 111 F.3d 1126, 1129-31 (4th Cir.) cert. denied, 521 U.S. 1131 (1997)).

However, even in cases where the administrative process is unlikely to grant an inmate relief,

courts have enforced a longstanding policy favoring exhaustion. See Alexander v. Hawk, 159 F.3d 1321, 1327-28 (11th Cir. 1998). In particular, it has been noted that the following policies are promoted by requiring the exhaustion of administrative remedies: "(1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources . . . ; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that 'frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures.'" Id. at 1327 (citation omitted).

In this case, the petitioner clearly has not exhausted his administrative remedies. See 28 C.F.R. § 542.10, et seq.[1] Even if he received no response to his informal remedy submission (BP-8), the petitioner was required, under the BOP's administrative remedy regulations, to complete a formal remedy request (BP-9), regional office appeal (BP-10) and central office appeal (BP-11).[2]

---

[1] The Bureau of Prisons makes available to its inmates a three level administrative remedy process if informal resolution procedures fail to achieve sufficient results. This process is begun by filing a Request for Administrative Remedy at the institution where the inmate is incarcerated. If the inmate's complaint is denied at the institutional level, he may appeal that decision to the Regional Office for the geographic region in which the inmate's institution of confinement is located. (For inmates confined at FCI-Hazelton, those appeals are sent to the Mid-Atlantic Regional Director in Annapolis Junction, Maryland.) If the Regional Office denies relief, the inmate can appeal to the Office of General Counsel via a Central Office Administrative Remedy Appeal. An inmate must fully complete each level of the process in order to properly exhaust his administrative remedies.

[2] In this case, the plaintiff asserts that he filed an informal grievance but that he failed to receive a response. That lack of response, however, is not sufficient for the plaintiff to abandon his other remedies. Pursuant to 28 C.F.R. § 542.18, "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." In other words, if no response is received, the grievance is deemed denied and the inmate may appeal that denial to the next level. Thus, a lack of response does not

The petitioner has not done so and states no reason for his failure to comply with the remaining steps of the process.

Moreover, a review of the record in this case shows that exhaustion of administrative remedies would clearly be appropriate given that the BOP is charged with the responsibility of sentence computation and has expertise in this area. See United States v. Wilson, 503 U.S. 329, 112 S.Ct. 1351 (1992) ( the Attorney General, through the BOP, has the responsibility for administering federal sentences); United States v. Lucas, 898 F.2d 1554 (11th Cir. 1990) (the power to grant jail time credit lies exclusively with the Attorney General). Additionally, the record now before this Court is devoid of the necessary facts by which this Court needs to accurately assess the legitimacy of the petitioner's claims. Thus, requiring the petitioner to attempt resolution of his claim within the Bureau's administrative remedy process prior to filing suit in the Court would promote many of the policies which underlie the exhaustion principle. For example, the administrative remedy process would develop the necessary factual background upon which the petitioner's claim is based, allow the BOP the opportunity to exercise its discretion and apply its expertise in this area, conserve scarce judicial resources, give the BOP a chance to discover and correct its own possible error, and avoid the deliberate flouting of the administrative process. Accordingly, the undersigned finds that requiring the petitioner to exhaust his administrative remedies prior to filing suit is the proper course of action in this particular case.

### IV. Recommendation

For the reasons stated, the undersigned recommends that the respondent's Motion to Dismiss,

---

relieve an inmate of his duty to complete each level of the administrative process, allow him to abandon the process or otherwise waive the exhaustion requirements.

or for Summary Judgment (dckt. 21) be **GRANTED** and the petitioner's § 2241 petition (dckt. 1) be **DENIED** and **DISMISSED without prejudice** for the failure to exhaust administrative remedies.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: March 1, 2010.

DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE